### No. 400

### OCEAN ACC. & GUAR. CO. et v. MIDDLETON

Nos. 20366-67. Supreme Court

On motion to certify. Dock. 3-5-27, 5 Abs. 153.

27. ACTIONS—1. Where court has indicated that he will rule in favor of defendant's motion to arrest the case from the jury and to direct a verdict in favor of defendants, can plaintiff then dismiss the action without prejudice?

2. Do these circumstances constitute a final order from which an appeal might be taken?

These actions were brought in the Cuyahoga Common Pleas by Katherine Middleton against the Jacob Laub Baking Co. and the Ocean Accident & Guarantee Corp., Ltd., for malicious prosecution.

Middleton originally filed suit against the Baking Co. to recover for personal injuries alleged to have been sustained as a result of being struck by a truck belonging to the Baking Co. The case was tried twice, and in each case the verdict was for Middleton. The first was set aside by granting a motion for a new trial and the second was reversed by the Court of Appeals and final judgment rendered for the Baking Co.

In the first trial of the case, Middleton testified that after the accident she went directly to her place of employment and reported off duty and then went directly to the home of her daughter where she remained in bed for a period of two weeks. Records of her employer were brought into court to show that she worked all day on the date of the accident, and every day thereafter during the two week period. The attorney for the Laub Co. was paid by the Insurance Co. with whom the Laub Co. carried liability insurance, for his services rendered on behalf of the Laub Co. Upon his advice, the Laub Co. swore out a warrant for the arrest of Mrs. Middleton on a charge of perjury. Plaintiff was tried and acquitted of the charge. Thus arose the action brought by Mrs. Middleton in the instant case.

In this case, the defendants asked the court to withdraw the case from the jury and render

judgment against plaintiff in favor of both defendants. The court felt that the advice of counsel of the Laub Co., that it swear out the warrant was a complete defense under the circumstances. Over objection of defendants, plaintiff was permitted to dismiss without prejudice. Defendants filed a petition in error in the Court of Appeals and plaintiff moved to strike the bill of exceptions from the file for the reason that no motion for a new trial was ever filed by defendants and that the petition in error does not contain the necessary jurisdictional averment in the proceeding in review.

The Court of Appeals affirmed the order of the trial court permitting plaintiff to dismiss without prejudice. In the Supreme Court on motion to certify, it is contended:

1. That the order sought to be reversed is a final order and that a motion for a new trial was not necessary.

2. That the trial court committed error in permitting plaintiff to dismiss her case without prejudice after the case had been submitted to the Court for determination, contrary to 11586 GC.

3. That nothing could have been added by the filing and overruling of a motion for a new trial; and that the order complained of is a final order only under certain specific conditions; and if these conditions are such that it is a final order, the court committed reversible error.

4. That the right of plaintiff to a voluntary dismissal of an action without prejudice to a future action is purely statutory; and under 11586 GC. the only provision authorizing the plaintiff to dismiss her action without prejudice limits the right of dismissal to a time before the final submission of the case to the jury or to the court when trial is by the court.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart for Co., et; Mooney, McCormack Roth & Pollock for Middleton; all of Cleveland.